### Grimes v. Oakland Bank, et al.

(Decided November 1, 1927.)

### Appeal from Warren Circuit Court.

1. Wills.—Where will devised property in trust to grandson and granddaughter for their lives, with remainder over, and codicil provided that certain persons should manage estate in interest of such grandchildren until grandson became 25 years of age, at which time the estate should be turned over to the management of latter, to be used by him for the joint use and benefit of himself and his sister forever, and that, in event of death of grandchildren before majority a certain disposition of the property should be made, and it appeared that granddaughter only died in infancy, grandson held to take fee simple.

2. Wills.—Law favors vesting of estates, and court will not hold that estate less than vested estate was created by words of will which bear doubtful meaning.

R. M. COLEMAN, JR., for appellant.

RODES & HARLIN for appellees.

OPINION OF THE COURT BY COMMISSIONER HOBSON—Affirming.

Loudonia C. Jordan had two grandchildren, Wilsford L. Hines and Katheryn Gwyn Hines, the children of her daughter, Medora Hines, who was dead. Her husband was also dead, and she had no other descendants. By her will she made the following disposition of her estate:

"I give all my estate of every kind whatever to Charles A. Gossom and John Breckinridge in trust to be held and kept by them and the use, income and rents from it to be by them devoted to the use of my grandchildren Wilsford Hines and Katheryn Guy Hines for their lives with the remainder over to the

heirs of their bodies or such heirs of either should either die leaving no children born of their bodies, but should both of my grandchildren die leaving no issue of their bodies then I direct that my estate shall go to my lawful heirs per stirpes. . . . ''.

The will was made April 27, 1895, and on September 11, 1896, she made this codicil to her will:

"I desire to make this addition or alteration in my will written by Judge W. L. Dulaney shortly after the death of my daughter, Medora, to wit: That G. C. Gossom and J. B. Amos shall manage my estate in the interest of my two grandchildren, Wilsford L. and Katheryn Hines until said Wilsford L. shall have reached the age of twenty-five years, at which time I desire that the entire estate shall be turned over to the management and control of said Wilsford L. Hines to be used by him for the joint use and benefit of himself and his sister forever, I also desire in the event of the death of my grandchildren, mentioned herein, before they reach their majority that my half brother, W. P. Cooke, shall not receive any part of my estate as he is already in good circumstances."

Katheryn G. Hines died in infancy after the death of her grandmother. Wilsford Hines is still living, and is now something over 40 years of age. The question presented is, does he take an estate in fee simple in the land after the death of his sister in infancy or has he only a life estate in the land? Clearly by the original will Wilsford Hines and his sister took the estate for their lives, with the remainder over to the heirs of their bodies, or such heirs of either, should either die leaving no children born of their bodies. The plain purpose of the codicil was to change this disposition of the property. In the codicil it is provided that the trust shall continue until Wilsford Hines shall have reached the age of 25 years, and that at that time the entire estate shall be turned over to the management and control of said Wilsford Hines, to be used by him for the joint use and benefit of himself and his sister forever. But it would not be held for the joint use and benefit of himself and sister forever if they had only a life estate in the property, and that this is what the testatrix meant is shown by the concluding words of the codicil providing that, in

the event of the death of both the grandchildren before they reach their majority, the estate shall be divided in a certain way: This shows that the testatrix intended that there should be no devise over unless her grandchildren died before reaching their majority, although the trust would continue until Wilsford Hines was 25 years old. The law favors the vesting of estates, and a less estate will not be held to be created on words of doubtful meaning.

The circuit court therefore properly held that Wilsford Hines is the owner of the property in fee.

Judgment affirmed.